**330.762.0287**  **WILLIAM T. WHITAKER CO., L.P.A.**  **330.762.2669**

**WILLIAM T. WHITAKER*    ◆    ANDREA WHITAKER**    ATTORNEYS AT LAW

*CERTIFIED IN CIVIL & CRIMINAL LITIGATION BY THE NATIONAL BOARD OF TRIAL ADVOCACY

December 10, 2018

AUSA Chelsea S. Rice
AUSA Elliot Morrison
Office of the U.S. Attorney –Cleveland
801 W. Superior Avenue Suite 400
Cleveland, Ohio 44113
Email: chelsea.rice@usdoj.gov
Email: elliot.morrison@usdoj.gov

      **Re:**    *United States of America v. Eric Witherspoon*
              **United States District Court Northern District of Ohio Eastern Division**
              **Case No. 1:18-cr-00701**

Dear Ms. Rice & Mr. Morrison:

Through this letter, I hereby request that you send, or make available to my office, all discovery in the above-captioned case. This request encompasses all information discoverable pursuant to the Federal Rules of Criminal Procedure ("F.R.C.P."). Specifically, this request includes, but not limited to:

**A.**     **F.R.C.P. 16**

    **1.**     **Statements of the Defendant**

    **Oral, Written, or Recorded Statements**. Any and all written or recorded statements made by the defendant (or copies thereof) within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, as well as that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to any discussion by any person then known to the defendant to be a government agent regardless of whether the government intends to use same at trial.

    The substance of any and all oral statements made by the defendant whether before or after interrogation by any person then known by the defendant to be a government agent that the government intends to use at trial regardless of whether the statement is recorded. See Rule 16(a)(1)(A). This request also includes the substance of the defendant's response to Miranda warnings. See United States v. McElroy, 697 F.2d 459, 465 (2nd Cir. 1982). (Reversal of defendant's conviction where the government failed to inform the defense that the defendant invoked his

rights).

Also, the substance of any oral statements made by the defendant in any telephone calls or in any discussions with any person of which the government is aware, whether the person was a government agent or whether the person was known to the defendant to be a government agent. This request includes any recording and/or transcriptions made from any recording devices on or about any person engaged in conversation with the defendant. This request also includes any intercepted phone conversations or intercepted conversations of any kind.

This request would include an agent's summary of the defendant's statement in a report and/or rough notes if they include the defendant's statement. See United States v. Johnson, 525 F.2d 999 (2nd Cir.) cert. denied, 424 U.S. 920 (1976). This request is not limited to statements which the government intends to introduce at trial, but rather, any statement the government intends to use at trial for any purpose, including impeachment, as well as any statements in the possession of the government which the government does not intend to use. This last request is made to determine whether any such conversations may be exculpatory or may be useful in the defendant's defense.

I also request that you determine whether defendant has made an oral statement to any law enforcement officer or agent which the government intends to use at trial but which has not been reduced to writing. If such a statement is found to exist, it is requested that you cause it to be reduced to writing and produced.

2. **Defendant's Prior Record**

A copy of the defendant's prior criminal record within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to your office. This request would include the defendant's entire criminal record, including all offenses regardless of the severity, known to the government or by the exercise of due diligence may become known. See Rule 16(a)(1)(B). This request would include discovery of all matters known to the government, or that may become known with due diligence that may affect the defendant's criminal history score pursuant to U.S.S.G. Chapter 4.

3. **Witnesses' Prior Records**

A copy of the criminal record of any witnesses the government intends to use in this case. This includes all offenses regardless of severity.

4. **Documents and Tangible Objects**

All documents and tangible things including, books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the

possession, custody, or control of the government and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendant

This request includes copies of any insurance reports, letters, notes, or other memoranda, and any and all court orders, or other documents in any way enabling, authorizing, or permitting the interception and/or recording of telephone communications or communications of any kind including person to person communications of any kind.

5. **Reports or Examinations and Tests**

   Any and all results or reports of physical examinations and of scientific tests or experiments or copies thereof, which are within the possession, custody, or control of the government or by the existence of due diligence may become known to yourself, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial. See Rule 16(a)(1)(D). This request entitles the defendant to production of the results of tests such as fingerprint, handwriting, and/or drug analysis, or any psychiatric examinations of the defendant or any government witness.

6. **Expert Witness Summary**

   A written summary of the testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness's opinions, the bases and the reasons therefore, and the witness's qualifications pursuant to Rule (16)(a)(1)(E).

7. **Interceptions, Search and/or Arrest Warrants and/or Title III Applications and Warrant/Application Affidavits/Inventories**

   Copies of any and all communications of the Defendant intercepted and/or recorded including all email/chat-room communications regardless of whether or not the government intends to introduce them at trial, but also including any such communications the government does intend to use at any phase of the trial of this case. Also, defendant requests logs of any phone taps placed upon defendant's phone which were monitored in the gathering of evidence against the defendant as well as all cell phone records gathered in the investigation. Copies of any and all search and/or arrest warrants, together with the warrant affidavits(s) relied upon during the course of the investigations; and, any inventories prepared. Fed. R. Crim. P. 16 (a) (1) (C).

8. **Exculpatory Evidence**

   All evidence which is known to the government, or through the exercise of

due diligence could become known, which is material to the defense and the issue of guilt or punishment. Fed. R. Crim. P. 16 (a) 1 (C).

9. **Evidence of Bias or Motive to Lie**

    The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Richie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

10. **Evidence of Criminal Investigation of any Government Witness**

    **The defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2nd Cir.), cert. denied, 474 U.S. 945, (1985).**

11. **Evidence Affecting Perception, Recollection, Ability to Communicate Truth Telling**

    The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant. Jackson v. Wainwright, 39 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F. 2d 213, 224 (4th Cir. 1980) Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackbum, 601 F. 2d 785 (5th Cir. 1979), cert, denied, 444 U.S. 1086 (1980).

**B.   F.R.C.P. 12(D)(2)**

Pursuant to F.R.C.P. 12(D)(2), I hereby request notice of which evidence the government intends to use in its case-in-chief.

**C.   BRADY V. MARYLAND**

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), I hereby request that I be provided with any exculpatory material which exists in this case relating to guilt and/or punishment. Should there be a question with regard to whether certain information constitutes Brady material, the information should be presented to the Court for view *in camera* to determine whether it should be produced. This request is specifically intended to include all statements or communications of the defendant recorded or transcribed or not recorded or transcribed which the government does not intend to use at trial.

The defendant specifically requests the details and substance of any plea agreements or other agreements of any kind made with any witnesses or any individuals working for, or cooperating

with, the government in this case.

**D.  JENCKS**

Pursuant to F.R.C.P. 26.2.  I would request pretrial production of Jencks material.  If pretrial Jencks is produced by the government, the defendant is willing to reciprocate in kind.

**E.  404(B)**

Please provide me with notice of any evidence which you intend to introduce pursuant to Federal Rule of Evidence 404(B).

**F.  ORAL STATEMENTS OF CO-DEFENDANTS**

Any and all statements made by Co-Defendants, material to resolving any issues of severance under Brunton v. United States, 391 U.S. 123 (1968); Cruz v. New York, 481 U.S., 186 (1987); Richardson v. March, 481 U.S. 200 (1987).

**G.  GIGLIO MATERIAL**

Defendant requests, pursuant to Giglio v. United States, 405 U.S. 150 (1972), and its progeny, that the government produce any information known or reasonably discoverable by the government which might bear unfavorably upon the credibility of any witness expected to be called to testify by the government at trial. Such information should include but not be limited to: (a) the witness' prior criminal record to include pending cases; (b) any known instance of the witness having made a false statement to a law enforcement officer either before or after arrest in the instant case, or while under oath; (c) any direct or implied promises of benefit or leniency in whatever form, known to have been made with respect to this or any other case; (d) information, if any, related to the length and extend of the witness' addiction to narcotic drugs; and (e) the name and addresses of any person (s) known to the government to whom the witness has made statements concerning the subjects of the indictment, which statements were inconsistent with statements made by the witness to law enforcement officers.

**H.  GOVERNMENT EXAMINATION OF LAW ENFORCEMENT PERSONNEL FILES**

The defendant requests that the government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents in this case. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F. 2d (9th Cir. 1991).

I.  MISCELLANEOUS

Please advise all investigating officers in this case that they should not initiate any contact with this defendant, and that any communication intended for him be made through me. All government agents should be further directed to preserve all of their rough notes.

Please send the above-requested discovery to me as soon as possible, and/or notify me if other arrangements need be made. With respect to the inspection of physical evidence, please let me know when such evidence is available so that I may make arrangements to inspect it. This discovery request is a continuing request. Please notify me as early as possible as additional material becomes available.

If you have any questions regarding this request, please do not hesitate to contact me.

Very truly yours,

/s/ *Andrea Whitaker*

Andrea Whitaker