# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  Plaintiff<br><br>v.<br><br>ERIC WITHERSPOON<br><br>  Defendant | CASE NOS.: 1:18cr701<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>UNOPPOSED MOTION TO CONTINUE DATES AND DECLARE THE CASE COMPLEX |

Now comes the Defendant Eric Witherspoon, by and through the undersigned counsel, and respectfully requests that this Court declare this matter a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and to continue the dates currently set in its December 10, 2018 Criminal Pretrial and Trial Order Doc. #8, including but not limited to the dates set for discovery completion, pretrial motions, final pretrial and trial. The undersigned has spoken to the AUSA assigned to this matter and she has no objection to this request.

The Government has provided initial discovery to Mr. Witherspoon and has recently provided additional discovery. The documents are numerous and additional time is needed for their review to determine what, if any, pretrial motions are needed and to adequately investigate

the allegations against Mr. Witherspoon. Counsel will not be able to fully and fairly represent Mr. Witherspoon within the timeframe currently set forth.

18 U.S.C. § 3161 provides that a Court may continue a trial if it determines that the ends of justice are served by taking such action. 18 U.S.C. § 3161(h)(8)(B)(ii) allows a Court to continue a matter beyond the timeframe statutorily required and to consider whether the case is unusual and complex, has a large number of defendants, and novel questions of law. If so, "it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by this section." Defendants need sufficient time to "investigate, research, prepare and file pretrial motions." United States v. Monroe, 833 F.2d 95, 99 (6th cir. 1989). Section 3161(h)(8)(A) allows courts to respond to the needs of individual cases. United States v. White, 985 F.2d 271, 275 (6th Cir. 1993); United States v. Perez-Reveles, 715 F.2d 1348 (9th Cir. 1983).

The Sixth Circuit has found that setting dates outside of the statutory time limits and declaring matters complex may be necessary to secure a fair and just determination as well as to have effective assistance of counsel. Bennett v. Scroggy, 793 F. 2d 772 (6th Cir., 1986). Bennett makes it perfectly clear that a denial of due process occurs when counsel is not given the time to effectively prepare. The failure to delay can "render the right to defend with counsel an empty formality." (*Id.* at 774, n5.)

The Sixth Circuit has explicitly noted that some kinds of cases simply take more time than others, and, in fact, has quoted the Supreme Court's specific contrast between "'an ordinary street crime'" and "'a serious, complex conspiracy charge.'" Cain v. Smith, 686 F.2d 374, 381 (6th Cir. 1988) (quoting Barker v. Wingo, 407 U.S. 514, 531 (1972)). In United States v. Tinsley, 800 F.2d 448 (4th Cir. 1986), the court found that "ends of justice" were served by

granting continuance because of complex nature of a case.

This matter is the type contemplated in Cain. Although there is a single defendant in this matter, the legal issues are complex and the discovery is voluminous. The voluminous discovery contributes to a complex factual situation which demands sufficient time to conduct adequate investigation and preparation for pretrial proceedings and for the trial itself.

Relevant factors for determining whether a continuance was properly denied include: (1) length of the requested delay; (2) whether other continuances were requested and granted; (3) whether the delay was for legitimate reasons; (4) inconvenience to the parties, witnesses, counsel, and court; (5) whether defendant contributed to the circumstances giving rise to the request; (6) whether denying the continuance prejudiced the defendant; and (7) complexity of the case. Landrum v. Mitchell, 625 F.3d 905, 928 (6th Cir. 2010) (citations omitted). See also United States v. McClendon, 146 Fed.Appx. 23 (6th Cir. (Ohio) Aug. 15, 2005) (citing Wilson v. Mintzes, 761 F.2d 275, 281 (6th Cir. 1985)). All of these factors weigh heavily towards granting the request for a continuance here. Mr. Witherspoon is not requesting an unreasonable delay. This is the first request for a continuance and the request is made for legitimate reasons. Further, there is no inconvenience to the Parties or to the witnesses because these dates were only recently set and all Parties support this request. Mr. Witherspoon is optimistic that there would be no inconvenience to the Court for the same reasons. Finally, Mr. Witherspoon has done nothing to occasion the delay or to contribute to the circumstances giving rise to this request and any continuance at his request would not prejudice him.

Defendant wishes to waive his rights to a speedy trial pursuant to 18 U.S.C. § 3161 and the Sixth Amendment to the U.S. Constitution. Defendant fully understands his right to a speedy trial and waives that right in order to allow his counsel to fully and fairly represent him.

Defendant believes that the ends of justice are best served by a continuance.

For the foregoing reasons, Mr. Witherspoon respectfully requests that this Court continue the currently scheduled dates in this matter.

Respectfully submitted,
WILLIAM T. WHITAKER CO. LPA

/s/Andrea Whitaker
ANDREA WHITAKER #0074461
54 E. Mill Street Suite 301
Akron, Ohio 44308
T: 330-762-0287
F: 330-762-2669
whitaker@whitakerlawlpa.com


/s/ Dominic J. Vitantonio
Dominic J. Vitantonio (0052058)
e-mail: dominic@advattys.com
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Mayfield Village, Ohio 44143
Telephone: 440-449-3333
Facsimile: 440-449-4031

*Attorneys for Defendant Witherspoon*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed this 22nd day of January, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Andrea Whitaker
Andrea Whitaker