IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-cr-00701 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| ERIC WITHERSPOON, | ) | JOINT MOTION TO CONTINUE |
| | ) | TRIAL AND RELATED DATES |
| Defendant. | ) | |

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Chelsea S. Rice and Elliot Morrison, Assistant United States Attorneys, and Defendant Eric Witherspoon, by and through his counsel, Dominic J. Vitantonio and George J. Argie, jointly move the Court to continue the trial and all related dates in this matter for approximately 120 days, and to waive speedy trial time for the period of the continuance.

The Court previously granted Defendant's unopposed motion (R. 12) to declare this case complex and to continue the trial and related dates. In granting that motion, the Court designated the case as complex and scheduled the trial for 5/14/2019 and set a motion deadline of 4/23/2019, among other dates. (*See* R. 13.) The parties jointly request that the Court again continue those dates, and set a new trial date in September 2019 or thereafter, and jointly submit that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

In making such a determination, courts consider, among other factors, the following:

> (ii) Whether the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for

> pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). Both factors support granting the requested continuance.

The requested continuance would allow Defendant time to fully review the discovery in this case, which includes recordings and voluminous bank and business records, which require careful attention to detail. It would also allow time for negotiation between counsel for the parties regarding possible pretrial motions or a potential resolution without trial.

The Court's last order summarized the reasons for that continuance well:

> The voluminous nature of the materials to be reviewed in this case, along with the severity of the charges against the Defendant pending before this Court, renders the case complex within the meaning of the Speedy Trial Act. Therefore, the Court declares the instant matter complex, and finds the period of delay resulting from the continuance of trial be excluded from the time allowable for trial under the Act.

(R. 13: Order, PageID 49 (citations omitted).) Those reasons still apply and support this request.

Further, the law that may govern these proceedings is arguably developing, with the Sixth Circuit last week issuing its first reported decision construing the U.S. Supreme Court's opinion in *McDonnell v. United States*, --- U.S. ---, 136 S. Ct. 2355 (2016), which clarified the definition of an official act in certain circumstances. *See United States v. Lee*, --- F.3d ---, No. 17-3868, 2019 WL 1234253, at *1 (6th Cir. Mar. 18, 2019) (affirming, *inter alia*, this Court's opinion in *United States v. Lee*, No. 1:15CR445, 2016 WL 7336529, at *1 (N.D. Ohio Dec. 19, 2016)).

Accordingly, recent developments in the doctrine may require additional time for Defendant to prepare for trial or to prepare pretrial motions.

For these reasons, the parties jointly move the Court to continue the trial in this matter to September 2019, and submit that such a continuance serves the ends of justice under 18 U.S.C. § 3161(h)(7)(A).

                    Respectfully submitted,

                    JUSTIN E. HERDMAN
                    United States Attorney

By:   /s/ Elliot Morrison
       Chelsea S. Rice (OH: 0076905)
       Elliot D. Morrison (OH: 0091740)
       Assistant United States Attorneys
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3752/3919
       (216) 685-2378 (facsimile)
       Chelsea.Rice@usdoj.gov
       Elliot.Morrison@usdoj.gov


       s/  Dominic J. Vitantonio
       Dominic J. Vitantonio (0052058)
       e-mail:  dominic@advattys.com
       s/  George J. Argie
       George J. Argie (0034219)
       e-mail:  george@advattys.com
       Argie, D'Amico & Vitantonio
       6449 Wilson Mills Road
       Mayfield Village, Ohio  44143
       Telephone:  440-449-3333
       Facsimile:  440-449-4031
       *Attorneys for Defendant, Eric Witherspoon*

4

## CERTIFICATE OF SERVICE

    I hereby certify that on this day, March 29, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                     /s/ Elliot Morrison
                                     Elliot Morrison
                                     Assistant U.S. Attorney